This appeal involves a medical malpractice claim against Dr. George Neville, a physician in Butler, Alabama, and a breach of warranty claim against William E. Nipp, a pharmacist, d/b/a Prescription Center. Plaintiffs, Ellen J. Stafford and her husband Hunter P. Stafford, appeal from summary judgments favorable to defendants Neville and Nipp.
On December 30, 1980, Ellen Stafford suffered a cerebrovascular accident (a stroke). On December 28, 1982, plaintiffs sued William Nipp, Dr. George Neville, and other parties not involved in this appeal, contending that Mrs. Stafford's stroke was precipitated by the prolonged use of the drug Ovulen-21, which is birth control medication. Plaintiffs state that the drug was prescribed for her by Dr. Neville on October 23, 1971. The prescription was filled, and subsequently refilled on a monthly basis by William Nipp from October 23, 1971, until the day before Ellen Stafford's stroke on December 30, 1980, approximately nine years.
Dr. Neville testified that in 1971 he did prescribe the Ovulen-21 for Mrs. Stafford, but that the prescription would not have been for more than a six-month supply. The testimony elicited from both Dr. Neville and Mrs. Stafford shows that Mrs. *Page 704 
Stafford did not seek further consultation with regard to birth control measures from Dr. Neville, although she did consult him for other medical problems, such as colds and upper respiratory complications.
Mr. Nipp testified that he would not have refilled a prescription without authorization from a physician. He no longer has the original prescription on file, because he keeps records for no longer than two or three years. He claims that he does not remember Mrs. Stafford's coming to his pharmacy on a monthly basis from 1971 through 1980.
An interlocutory summary judgment was granted on behalf of Nipp as to claims based on negligence and the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). The trial court held that the negligence and AEMLD claims were barred by a one-year statute of limitations.
In its final judgment, the trial court held, with regard to Dr. Neville:
 "The stroke on December 30, 1980, was not proximately caused by the prescription limited to six months which was written by Neville on October 23, 1971."
With respect to Nipp, the trial court, relying on Stone v.Smith-Kline French Laboratories, 447 So.2d 1301 (Ala. 1984), found that a prescribing physician is the "learned intermediary" between the manufacturer and consumer, and since the manufacturer gave adequate and sufficient warning of the potential dangers involving the prescription and use of Ovulen-21 under the company's established procedure, whereby warnings were given to doctors in written and oral presentations and through reference books such as thePhysicians Desk Reference, the manufacturer could not be liable for breach of implied warranty. The trial court reasoned that Nipp is entitled to the same protection afforded the drug manufacturer, since adequate and sufficient warning of the potential dangers involved in the use of Ovulen-21 was given to the prescribing physician. We will deal with the judgments rendered in favor of Neville and Nipp separately.
 Summary Judgment in Favor of Neville
The quoted portion of the trial court's order granting Neville summary judgment, on its face, contains a finding of fact. Whether the prescription written by Neville on October 23, 1971, was limited to six months, as contended by Dr. Neville, is a material fact and is made a genuine issue for the factfinder's resolution by the testimony of Mrs. Stafford and Nipp.
Mrs. Stafford testified that she continued to take the pill over a nine-year period in accordance with Neville's directions. Nipp testified that he would not have dispensed the pills without a physician's prescription. Thus, if the factfinder believed Mrs. Stafford's testimony, that she continued to have the 1971 prescription refilled by Nipp on a regular basis throughout the nine-year period and, further, if the jury believed Nipp's testimony that he would not have so refilled the prescription without being directed to by Neville, then it could resolve the fact issue of causation favorably to Mrs. Stafford.
We note that the central thrust of Dr. Neville's brief is to the effect that the trial court based its summary judgment order on the absence of the element of proximate cause. To the contrary, the trial court's conclusion that "the stroke . . . was not proximately caused by the prescription limited to six months," in our opinion, does not constitute either a factual finding or a legal conclusion that Mrs. Stafford's stroke was not caused or precipitated by her long and regular use of Ovulen-21. Rather, the thrust of the trial court's summary judgment is that her stroke was not caused by Dr. Neville's prescription limited to six months. It is the language "caused by the prescription limited to six months," which contains a finding of fact that Dr. Neville did not prescribe the Ovulen-21 for longer than a period of six months, that we find offensive to the summary judgment standard. *Page 705 
Thus, the judgment as to Neville is reversed and the cause remanded.
 Summary Judgment in Favor of Nipp
Although Nipp denies that he would have dispensed the medication without a prescription, there is testimony of the doctor that he did not prescribe the Ovulen-21 for any longer than a period of six months. Thus, there is a fact question.
In addition, a fact issue was raised by the affidavit of the plaintiffs' expert witness as to whether the druggist failed to warn or instruct Mrs. Stafford concerning the taking of prescription drugs over a long period of time without prescriptive authority from the physician and without the safeguard of periodic physical examinations by a physician for determination of what medication would be appropriate for birth control purposes under the circumstances.
The manufacturer's warnings accompanying the drug at the time of its purchase and sale by the pharmacy do not, as a matter of law, shield the pharmacist from liability based on breach of warranty where the pharmacist continues to fill the prescription without authorization from a doctor.
We recognize that Nipp denies that he filled the prescription, but this is a fact question, in view of Dr. Neville's testimony that he did not continue to prescribe the pills beyond the initial six-month period, and in view of Mrs. Stafford's testimony that she continued to purchase pills from Nipp, based on the initial prescription by Dr. Neville, and to take the pills in accordance with Dr. Neville's directions over a period of nine years preceding the stroke.
With respect to Nipp, we note that in the "Issues Presented" portion of their brief plaintiffs do not include a challenge to that portion of the trial court's summary judgment dismissing their negligence and AEMLD claims on the statute of limitations ground. Therefore, only that portion of the trial court's judgment dismissing Plaintiffs' claim against Nipp for breach of warranty is reversed.
REVERSED AND REMANDED.
All the Justices concur.